# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA,

| | |
|---|---|
| **BIGLER JOBE STOUFFER II, and TRANSFORMATIONS INT. INC.,** )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. CIV 20-239-RAW-SPS |
| ) | |
| **TOMMY SHARP and WESTERN SPORTSMAN CLUB, INC.,** )<br>)<br>) | |
| Defendants. ) | |

## OPINION AND ORDER

On September 9, 2021, Plaintiff, a death-sentenced prisoner who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, filed a motion for leave to amend petition/complaint and for stay of requested execution date (Dkt. 45). He sought to amend his petition/complaint "to include challenges to defendant's unconstitutional execution protocol, specifically DOC OP-040301 effective 2/20/20, and for stay of execution from said administrative protocol."[1] He alleged the OSP defendant is attempting to elevate DOC OP-040301 above Plaintiff's statutory rights and his rights under the First, Sixth, Eighth, and Fourteenth Amendments. Plaintiff further advised that the Oklahoma Attorney General had requested an execution date for him of November 18, 2021.

Also on September 9, 2021, the Court entered an Order striking the motion to amend

---

[1] DOC OP-040301 concerns the execution of inmates sentenced to death. *See* https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-04/op040301.pdf.

and for stay of execution, because Plaintiff's proposed new claims concerning his scheduled execution were not appropriate for this civil rights action (Dkt. 47). Although not stated in the Court's Order, the motion also did not conform to Local Civil Rule 7.1, which requires that "[e]ach motion, application, or objection filed shall be a separate pleading . . . ." The Court further notes that Plaintiff failed to submit a proposed amended complaint/petition as required by Local Civil Rule 9.2(c).

On September 24, 2021, Plaintiff filed a motion to alter or amend the Court's September 9, 2021, Order and to change venue (Dkt. 49).[2] He correctly argued that Warden Sharp, one of the original defendants, was sued in his official capacity, thus Jim Farris, the current warden at his facility, was properly included as a defendant. He further alleged his execution date now is set for December 9, 2021.

Plaintiff alleges he was deliberately excluded as a plaintiff from *Glossip v. Chandler*, No. CIV-14-665-F (W.D. Okla. June 25, 2014), an action challenging the execution protocols. He requests a change of venue for this case, because the Oklahoma Board of Corrections and the Oklahoma Department of Corrections are headquartered in the Western District. Also, Defendant Western Sportsman Club, Inc., is headquartered in the Western District.

A review of Plaintiff Stouffer's litigation history shows that on October 12, 2021, he filed through counsel a civil rights complaint pursuant to 42 U.S.C. § 1983, in *Stouffer v.*

---

[2] This two-part motion also does not comply with Local Civil Rule 7.1(b).

*Crow*, No. CIV-21-1000-HE (W.D. Okla. Oct. 12, 2021).[3] Plaintiff alleges in his new case that he wanted to participate as a plaintiff in *Glossip*, however, his request to participate allegedly was rejected by *Glossip* class counsel. Plaintiff further asserts the Western District has since "determined the State of Oklahoma may proceed to execute the death sentences of all plaintiffs in *Glossip* who did not choose an alternative manner of execution." *Stouffer*, No. CIV-21-1000-HE, slip op. at 2. Therefore, "Plaintiff has been lumped-in with those plaintiffs and is scheduled to be executed on December 9, 2021." *Id.* Plaintiff alleges in his Western District case that he is seeking injunctive and declaratory relief for numerous constitutional violations, including the protocols for execution. *Id.* at 2-4. In particular, he asks for a permanent injunction preventing his execution under the current protocols. *Id.* at 4.

After careful review, the Court again finds Plaintiff's claims concerning the execution protocol may not be added to his existing claims in this civil rights action. The claims in this petition/complaint concern access to the courts, the prison grievance procedures, the free exercise of religion, the application of the prison earned credits policy, and illegal search and seizure and deprivation of legal and vested property interests (Dkt. 2-5 at 4-5). Plaintiff's proposed new claims are not related to the existing claims in this lawsuit, however, he has presented the proposed claims in his new lawsuit filed in the Western District.

---

[3] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), *cert. denied*, 552 U.S. 969 (2007).

Regarding Plaintiff's request to change venue, the proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1-2). Plaintiff has sued the warden of Oklahoma State Penitentiary, where he alleges the conditions of his confinement are unconstitutional. This facility is located in the Eastern District of Oklahoma. Therefore, the Court finds the current venue for this action is appropriate.

**ACCORDINGLY,** Plaintiff's motion to alter or amend the Court's Order entered on September 9, 2021 and to change venue (Dkt. 49) is DENIED.

**IT IS SO ORDERED** this 19th day of October 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma