IN THE UNITED, STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA,

BIGLER JOBE STOUFFER II, et al.,  )
                                          )
                Plaintiffs,  )
                                          )
v.                                        )          No. CIV 20-239-RAW-SPS
                                         )
TOMMY SHARP, et al.,  )
                                         )
                Defendants.  )

**OPINION AND ORDER**

This action is before the Court on Defendant Tommy Sharp's motion to dismiss or for summary judgment. Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC"), who is incarcerated at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. Defendant Tommy Sharp is the former warden of OSP. Plaintiff brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at OSP. The Court has before it for consideration Plaintiff's complaint/petition (Dkt. 2-5),[1] Defendant Sharp's motion (Dkt. 13), Plaintiff's response (Dkt. 33), and a special report prepared by the DOC at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 12).

Plaintiff raises five claims against Defendant Sharp:

I.      Plaintiff(s) federal and state constitutional Article 2 & 6, rights to access the courts of justice are routinely violated by the defendant's deliberate indifference to those rights. Without adequate and meaningful "access to court," all other rights are meaningless, pursuant to *Bounds v. Smith*, 97 S.Ct.

---

[1] On July 16, 2020, Defendant Sharp removed this action to this federal court from Pittsburg County District Court Case No. CV-2020-100 (Dkt. 2).

1491. . . .

II.     Plaintiff(s) First Amendment right to redress his legitimate grievances are routinely violated by Defendant's deliberate indifference to treat that right as a privilege.  The record reflects that Defendant Sharp routinely deflects from answering grievances, which does not <u>resolve</u> the complaint, as OP090124 requires. . . .

III.    Plaintiff's First Amendment rights to free exercise of religion and to peacefully assemble are routinely violated by Defendant Sharp's arbitrary discrimination against Plaintiff.  Defendant Sharp's arbitrary termination of Plaintiff's rights to free exercise of religion and to peacefully assemble for alleged security concerns served no penalogical purpose, and does not justify the repeated violations of Plaintiff's First Amendment rights. . . .

IV.    Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights are repeatedly violated by Defendant Sharp's unconstitutional application of O.S. Title 57 § 138, entitled "Earned Credits Eligibility," and progeny, OP960107, against Plaintiff. . . .

V.     Plaintiff's Fourth and Fourteenth Amendment rights against illegal search and seizure, to equal protection and to due process prior to being deprived of legal and vested property interests are routinely violated by Defendant(s) arbitrary actions and failures to act legally.  Defendant Sharp arbitrarily confiscated crucial legal research and evidence from Plaintiff, and refuses the plain legal duty to return said property to Plaintiff . . . .

(Dkt. 2-5 at 4-5) (errors and emphasis in original).

**Standard of Review for Dismissal**

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Id*. at 555-56.  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed.  *Id*. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ."  *Id*.  A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555.  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). With these standards in mind, the Court turns to the merits of the motion to dismiss.

**Exhaustion of Administrative Remedies**

Defendant Sharp alleges, among other things, that Plaintiff has failed to exhaust the

administrative remedies for any of his claims.  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

To properly exhaust, a prisoner must comply "with an agency's deadlines and other critical procedural rules. . . ."  *Woodford v. Ngo*, 548 U.S. 81, 90.  "Simply presenting a defective or non-complying grievance . . . does not constitute exhaustion of remedies." *Brewer v. Mullin*, 130 F. App'x 264, 265 (10th Cir. 2005).  Prisoners must exhaust remedies, even if doing so seems futile.  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Further, a prisoner must timely exhaust each and every step of a prison system's grievance procedure in full compliance with the procedure's requirements; partial compliance is not sufficient.  *Id.*  Courts will only excuse failure to exhaust if prison officials impede the prisoner's attempts.  *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

DOC Policy OP-090124, "Offender Grievance Process," governs DOC offender

complaints regarding incidences of prison life (Dkts. 12-2, 12-3).[2] It specifically provides the multi-step exhaustion process an offender must satisfy before filing suit. *Id.* According to OP-090124(IV)(B), an offender first must attempt to informally resolve his complaint by talking with the appropriate staff member. If unsuccessful, the offender must submit a Request to Staff ("RTS") to the appropriate staff member. If the offender's complaint remains unresolved, the offender may begin the formal grievance procedure by submitting a grievance to the reviewing authority (warden). If a grievance response fails to resolve the issue, the inmate may appeal to the Administrative Review Authority ("ARA"), or if the complaint is of a medical nature, the Medical ARA. Only after all of these steps are taken, has the grievance process been exhausted.

Defendant Sharp alleges that from July 15, 2019, when he was named as the interim OSP warden,[3] to October 13, 2020, the date of his motion to dismiss or for summary judgment, Plaintiff submitted at least 199 RTSs requesting, among other things, access to the law library, answers to RTSs and grievances, and religious services (Dkts. 12-6; 12-35). During this period, Plaintiff submitted grievances to Defendant Sharp for 13 of the 199 RTSs (Dkt. 12-36). According to an affidavit by Amanda Cullen of the DOC ARA, only four appeals of Plaintiff's grievances from July 15, 2019, to October 13, 2020, were received by the ARA (Dkt. 12-5 at 2). The four grievances were:

---

[2] Dkt. 12-2 was effective July 19, 2016, and Dkt. 12-3 was effective April 11, 2019.

[3] See Dkt. 12-4, Appointment of Defendant Sharp as OSP Interim Warden.

Grievance No. 19-212 concerned Plaintiff's access to a telephone for legal calls (Dkt. 12-37 at 8). Plaintiff argued he was the attorney of record in his pro se litigation, thus certain individuals related to his pro se litigation should be changed from his personal call list to the legal call list. *Id.* The reviewing authority denied relief, stating that pursuant to DOC OP-030119, "[l]egal calls are those by inmates to their attorney(s) of record and those persons working for the attorney(s) of record." *Id.* at 6. Further, Plaintiff's pro se status did not qualify to have the requested phone numbers changed from Plaintiff's personal phone list to his legal phone list. *Id*. Plaintiff's appeal to the ARA was denied for his failure to substantiate the appeal with any authority for an error. *Id.* at 3.

Grievance No. 20-197 concerned Plaintiff's request to receive real estate mail as legal mail in order to protect his vested property interests (Dkt. 31 at 7). The reviewing authority denied relief, citing OP-030117, "Correspondence, Publications, and Audio/Video Media Guidelines," which states

> 1. Mail to/from a paralegal service is not considered legal mail as there is not attorney/client relationship or privilege.
>
> 2. Mail to/from the Attorney General of the State of Oklahoma and the General Counsel's office of the Oklahoma Department of Corrections, and the courts will be processed as legal mail.

*Id.* at 6. The ARA affirmed the reviewing authority's decision for Plaintiff's failure to substantiate the appeal with any authority for an error. *Id.* at 3.

Grievance No. 20-210 concerned Plaintiff's claim that the mishandling of his mail resulted in a violation of his right to grieve his complaints (Dkt. 12-30 at 7). The grievance

6

was returned unanswered, because it was not submitted within 15 calendar days from the date of the receipt of the response to the RTS. *Id*. at 4. Also, Plaintiff had filed multiple RTSs on the same issue, but he had not filed a grievance concerning the issue on the previously submitted RTSs. *Id.*

Grievance No. 20-252 concerned a copy of the 2017 Oklahoma Court Rules, which was mailed to Plaintiff by his appellate attorney (Dkt. 12-32 at 6). Plaintiff complained that he was not allowed to receive the book. *Id.* The reviewing authority denied relief, quoting OP-030117(I)(B)(5)(i), "Correspondence, Publications, and Audio/Video Media Guidelines":

> Correspondence/publications are prohibited that:
>
> Are books not received directly from the publisher, book store, book vender (e.g. Amazon, etc.) or through approved donation.

*Id.* at 5. Because the referenced book was not sent in accordance with the policy, Plaintiff could not receive it. *Id.* Plaintiff, however, could have it returned to the sender or had it destroyed. *Id.* The ARA affirmed the reviewing authority's grievance response, finding Plaintiff did not substantiate his appeal with any authority for an error. *Id.* at 3.

Plaintiff argues in his response to the motion to dismiss that he has exhausted all administrative remedies (Dkt. 33 at 18-20). In particular, he alleges Grievance No. 18-140 demonstrates his total exhaustion for his claim of denial of access to the court. The ARA appeal of Grievance 18-140, dated October 15, 2018, states that partial relief was granted by the reviewing authority, and there was no basis for an appeal (Dkt. 33-1 at 1). Plaintiff, however, has not presented the grievance or RTS that preceded the ARA appeal to set forth

the basis of his grievance. Nonetheless, the incidents in Grievance 18-140 would have arisen before the October 15, 2018, ARA decision, which was prior to Defendant Sharp's appointment as the interim OSP warden on July 15, 2019. Therefore, Grievance 18-140 could not have concerned incidents involving Defendant Sharp. In addition, any claims concerning alleged obstruction by Mark Knutson, DOC Director's Designee cannot be considered, because Mr. Knutson is not a party to this action. Further, any claims accruing more than two years before the filing of this action would be barred by the two-year statute of limitations. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

After careful review of the record, the Court finds Plaintiff has not exhausted his administrative remedies with the ARA for his five claims against Defendant Sharp: (1) access to the courts, (2) redress of grievances, (3) free exercise of religion and peaceful assembly, (4) constitutional violations related to DOC's earned credits policy, and (5) due process rights to vested property interest. Therefore, Defendant Sharp's motion to dismiss this action for failure to exhaust administrative remedies pursuant to 42 U.S.C. §1997e(a) is GRANTED.

**Personal Participation**

Defendant Sharp further alleges he did not personally participate in any alleged constitutional violation. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant

personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

After careful review, the Court finds Plaintiff has failed to demonstrate Defendant Sharp's personal participation in the alleged constitutional violations. Thus, Defendant Sharp's motion to dismiss for Plaintiff's failure to show Sharp's personal participation is GRANTED for failure to state a claim upon which relief can be granted.

**Injunctive Relief**

Finally, Plaintiff has requested injunctive relief with regard to access to the courts (Dkts. 2-7, 18, 36). To be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976). Plaintiff, however, has failed to plead any facts to sustain a finding of an ongoing constitutional violation. Therefore, he is not entitled to injunctive relief.

**ACCORDINGLY,**

1. Defendant Sharp's motion to dismiss (Dkt. 13) is GRANTED for Plaintiff's failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.

2. Plaintiff's motions for injunctive relief (Dkts. 2-7, 18, 36) are DENIED.

3. Plaintiff's motion to expedite order to show cause and preliminary injunction (Dkt. 41) is DENIED as moot.

4. Plaintiff's motions to compel compliance with DOC policies and procedures (Dkt. 22--access to courts, Dkt. 23--mail, and Dkt. 24--legal phone list) are DENIED as moot.

5. Plaintiff's motion to compel compliance with court-ordered procedures regarding legal visits (Dkt. 25) is DENIED. The motion raises claims that were not presented in the petition/complaint.

**IT IS SO ORDERED** this 2nd day of November 2021.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma