# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIGLER JOBE STOUFFER II and TRANSFORMATIONS INT. INC.,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. CIV 20-239-RAW-SPS ) |
| **TOMMY SHARP and WESTERN SPORTSMAN CLUB, INC.,** | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On June 25, 2020, Plaintiffs Bigler Jobe Stouffer II and Transformations Int. Inc., ("TII") filed a petition and a supplemental petition in Pittsburg County District Court Case No. CV-2020-100 (Dkts. 2-5, 2-6). Plaintiff Stouffer is a prisoner housed at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, and Plaintiff TII is described as "a corporation and mortgage owner of Plaintiff's [sic] Stouffer's real estate lots 1959, 1961, 2051 at Cedar Lake, a gated community in Canadian County, Oklahoma." (Dkt. 2-5 at 1).[1] The two defendants named in the state petition were OSP Warden Tommy Sharp and Western Sportsman Club, Inc. ("WSC"), "a corporation that manages common property at Cedar Lake in Canadian County, Oklahoma." *Id.* Plaintiff's supplemental petition stated

---

[1] According to the Oklahoma Secretary of State's website at https://www.sos.ok.gov, Transformations International, Inc. - Oklahoma, is a domestic for-profit business corporation. As of July 7, 2003, Bigler J. Stouffer III of Tulsa, Oklahoma, is the registered agent. The Secretary of State's website notes the corporation's status as "OTC Suspension" for noncompliance with Oklahoma tax requirements.

that WSC is located in Hinton, Oklahoma, and it is represented by Attorney Alex Handley in El Reno, Oklahoma (Dkt. 2-6 at 1). The petition and supplemental petition were signed by Plaintiff Stouffer, but not by a representative of Plaintiff TII (Dkt. 2-5 at 5; Dkt. 2-6 at 4).

On July 16, 2020, Defendant Sharp filed a notice and petition of removal in this present case (Dkt. 2). The removal notice, however, did not include TII as a plaintiff. *Id.* The notice indicated that Defendant Sharp was served with the petition (and notice of the federal claims) on June 30, 2020, but that Defendant WSC had not been served as of July 16, 2020. *Id.* at 2.[2]

On July 29, 2020, and July 31, 2020, Plaintiff Stouffer filed objections to the removal and to the exclusion of TII as a plaintiff (Dkts. 6, 8). In his July 31, 2020, objection, Plaintiff referenced *Western Sportsman Club, Inc. v. Bigler Jobe Stouffer*, No. CJ-2016-249 (Canadian Cty. Dist. Ct. May 20, 2016), a case concerning Plaintiff's alleged failure to pay quarterly assessment fees and dues for Lots 1961, 1959, and 2051 at Cedar Lake. *See* Oklahoma State Courts Records ("OSCN") at https://www.oscn.net.[3] On August 2, 2018, and March 22, 2021, Plaintiff Stouffer filed in Case No. CJ-2016-249 petitions for a writ of mandamus, complaining that in 2015, WSC had deactivated his gate cards to prevent access to his Cedar Lake lots, resulting in lost revenue. He asked the state district court to order WSC to reactivate the gate cards. According to the OSCN, the mandamus petitions have not

---

[2] Defendant Tommy Sharp was dismissed from this action on November 2, 2021 (Dkt. 57).

[3] The Court takes judicial notice of the public records of the OSCN. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

been decided by the state district court.

**Plaintiff Transformations Int., Inc.**

On October 22, 2020, Plaintiff filed in the present case a petition for a required joinder of Transformations Int. Inc., alleging TII was not included as a plaintiff in the notice of removal or in Defendant Sharp's subsequent filings (Dkt. 16). Plaintiff argued that TII, as the mortgage owner of Plaintiff's real estate at issue, has vested legal interests in these proceedings, and the absence of TII in these proceedings may serve to impair or impede TII's ability to protect its vested legal property interests. *Id.*

A review of the filings in this action indicated that Plaintiff TII did not sign any documents filed in the case. Rule 11(a) of the Federal Rules of Civil Procedure, however, requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally, if the party is unrepresented." Further, Plaintiff Stouffer had made no representations that TII authorized this action's being filed in its name. Therefore, on October 28, 2021, the Court directed Plaintiff TII to show cause for its failure to make a proper appearance in this action, cautioning that failure to show cause as directed would result in dismissal of TII from this case (Dkt. 53).

The response to the show-cause order, signed by Andrea White, TII Executive Assistant, states that TII is "the real party in interest as mortgage owner of co-plaintiff stouffer's [sic] real property in Canadian County Oklahoma (Dkt. 59 at 1). The response

3

further states that TII and Plaintiff Stouffer "share the same goal," and TII had not previously filed in the case because its "legal interest have [sic] been aligned with B.J. Stouffers' [sic] reasoning of litigation." *Id.* TII also claims that "by initiating this action (TII) [sic] appearance in this action should be legally established." *Id.* TII further asserts that on August 22, 2016, it filed a motion to intervene in Canadian County District Court Case No. CJ-2016-249. *Id. See also* OSCN. That motion, however, was stricken on September 2, 2016, because there was no appearance. *Id*. This Court finds the failed motion to intervene in the state court is not relevant in the present federal case. More important, TII still has failed to enter an appearance in this action.

Although Ms. White requests additional time to correct any errors, the Court declines to grant such relief. TII has had ample time to enter an appearance in this matter, and the Court finds TII has not shown good cause for its failure to do so. Therefore, Plaintiff Transformations Int. Inc. is DISMISSED WITHOUT PREJUDICE from this action.

**Defendant Western Sportsman Club, Inc.**

The Oklahoma Secretary of State's website indicates that Western Sportsman Club, Inc., is a foreign for-profit business corporation with Delaware jurisdiction. The registered agent is Fletcher D. Handley, Jr. of El Reno, Oklahoma. WSC did not file an answer or otherwise respond in the state court case or in this federal action.

In his supplemental petition/complaint, Stouffer alleges WSC is "A Corporation/ Management of Gated Community" (Dkt. 2-6 at 1). In addition, Plaintiff argues that at the

time the claims arose, WSC was acting under color of state law as a "quasi agent to [Defendant] Tommy Sharp, Warden (O.S.P.)." *Id.*

On October 28, 2021, the Court directed Plaintiffs to show cause why Defendant WSC should not be dismissed from this action for failure to properly serve WSC in accordance with Fed. R. Civ. P. 4(m) (Dkt. 54). Plaintiffs filed a response to the show-cause order, claiming WSC was served in Pittsburg County District Court Case No. CV-2020-100, the original state-court lawsuit (Dkt. 58).

According to the docket sheet for Case No. CV-2020-100, summonses for the two defendants, Tommy Sharp and WSC, were issued on June 26, 2020. The returned summons for Defendant Sharp was filed on June 29, 2020 (Dkt. 2-10). On July 29, 2020, *after* the case was removed to this federal court on July 16, 2020, another summons was sent by certified mail to WCS by the state district court. Two certified mail receipts for WSC were filed in the state court record on August 6 and August 7, 2020. One had been sent to WSC c/o Attorney Alex Handley in El Reno, Oklahoma, and the returned certified mail receipt was signed by "FD Handley" on July 2, 2020, prior to the removal to this Court (Dkt. 46 at 2). The second was addressed to WSC in Hinton, Oklahoma, and the returned certified mail receipt was signed after removal by N. Foreman on August 4, 2020. *Id.* at 3. Because the receipt for Mr. Handley was delivered and signed by him before removal of this action to federal court, the Court finds WCS was served. Defendant WCS, however, has not entered an appearance in this case.

The following allegations were made about Defendant WCS in the original petition/complaint:

> 11.  Plaintiffs allege contracts with Defendant (WSC) have been deliberately breached by (WSC) through attempted extortion, res judicata, and malicious prosecution . . . .
>
> 12.  Defendant (WSC) deliberately deactivated electronic gate cards to Plaintiff(s) legally owned/mortgaged property at Cedar Lake in 2015, and refuses to perform the plain legal duty to restore activated gate cards. When that attempted extortion plan by (WSC) failed, in 2016 (WSC) filed a fifth lawsuit raising the same claim between the same parties, which was finally decided by the judge . . . on 12/29/84.
>
> 13.  Since 2015 (WSC) has prevented ingress/egress to potential tenants, or property manager, to Plaintiff(s) legally owned/mortgaged property, which has resulted in lost revenue from lease of house and three (3) car garage, with loft, in excess of $500.00 each month since September 2015. The loss to date is $27,500.00 with $500.00 a month accruing until gate cards are activated by (WSC).
>
> 14.  That a pattern of illegal actions by (WSC), and others, dating back to 1984 raises more questions than answers regarding motives or hidden agendas against Plaintiff Stouffer, which may get exposure or discovery through an investigation of this case, against both defendants. . . .
>
> 15.  . . . Defendant Sharp acquiesced with (WSC) in 2018 to confiscate Plaintiff's legal documents, and evidence . . . .
>
> 20.  Plaintiff(s) have the right to possess and access legally owned/ mortgaged property at Cedar Lake, which Defendant (WSC) terminated in 2015, and fails to perform the plain legal duty to restore activated gate [illegible] to Plaintiff(s).

(Dkt. 2-5 at 2-4) (punctuation in original).

"Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any *person* acting under color of

state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983) (emphasis added). Defendant WSC is a private corporation--not a "person," and Stouffer has not pleaded sufficient facts to allow the Court to reasonably infer that WSC, or an individual representative of WSC, was acting under color of state law in the alleged activities with Defendant Sharp. The Court instead finds Plaintiff's petition/complaint and his supplemental petition/complaint proffer only vague and conclusory allegations to this effect. Further, Plaintiff has offered no supporting facts or authority for his argument that WSC is Defendant Sharp's "quasi agent." The Court, therefore, finds that to the extent Plaintiff Stouffer raised claims arising under 42 U.S.C. § 1983, he failed to demonstrate that Defendant WSC acted under color of state law, a jurisdictional requirement for all § 1983 claims. Therefore, all § 1983 claims against WSC are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

Having disposed of Plaintiff's § 1983 claims in their entirety, any supplemental jurisdiction the Court may exercise over his state-law claims would be discretionary. *See* 28 U.S.C. § 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). The Court, therefore, declines to exercise jurisdiction over Plaintiff's state-law claims.

**ACCORDINGLY,**

1. Plaintiff Transformations Int. Inc. is DISMISSED WITHOUT PREJUDICE

from this action.

2. All claims pursuant to 42 U.S.C. § 1983 against Defendant Western Sportsman Club, Inc. are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

3. The Court DECLINES to exercise jurisdiction over any remaining state-law claims against Western Sportsman Club, Inc.

4. All remaining pending motions are DENIED as moot.

5. Because Defendant Tommy Sharp previously was dismissed for Plaintiff's failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted (Dkt. 57), this action is DISMISSED in its entirety.

6. The dismissal of this action shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 3rd day of December 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA